## Janco Will

William R. Keen, Jr., for petitioner.

George S. Forde, Jr., for proponent.

Anthony L. V. Picciotti, for respondent.

OPINION BY WOOD, J., OCTOBER 28, 1980:

On March 9, 1977, Mildred Janco, testatrix, executed a document, which all parties agree to be a valid will, and which left her husband John, in effect, a life interest in her residence on Sunset Hollow Road, West Goshen Township, this county.

Some time thereafter, she asked a lady by the name of Rachel Snyder, who was a visiting homemaker, to write up a document for her which would put John's mind "at ease." This was done, and the document was signed by testatrix on December 13, 1978. As relevant here, it reads:

"In the event of my death this residence is to be deeded to my husband, John A. Janco. .Residence at: 5 Sunset Hollow Road, West Chester, Pennsylvania 19341.

/s/ Mildred G. Janco
to John everything"

Mrs. Snyder was reluctant to *sign* as a witness, so a neighbor, Amos Hess, later affixed his signature as such. The underscored words were added *after* Hess signed as witness; we are not certain that Mrs. Janco even wrote those words, but even supposing she did, they are not entitled to probate: 20 Pa. C.S.A. §2502.

On the other hand, the writing down to the signature *was*

executed in the form required of a will, and therefore passes technical muster as a will or codicil: *Id.* Nevertheless, the register appears to have found that the document was not executed with testamentary intent, and therefore has denied probate to the entire writing. We disagree.

It is the court's duty to construe a proferred writing on the basis of its contents alone; only if those contents disclose ambiguities, so that the court is uncertain as to the meaning of the document, should reference be had to external sources of evidence for elucidation of a testator's meaning: *Estate of Taylor*, 480 Pa. 488. We must of course remember that this document was drafted by a nonlawyer. Viewed in that light, there is no other conclusion possible than that Mrs. Janco wanted the title to her home to pass to her husband at her death.

We recognize that the December 1978 instrument (which we consider to be a codicil to the will of 1977) does not contain words of revocation directed at the 1977 will, and that it should therefore be construed consistently with the 1977 will, if possible: *Good Will*, 14 FIDUC. REP. 359. The argument has thus been made that the codicil only confirms the life estate created in the will. Our response, however, is that the codicil would not have been necessary if it were meant only to *elucidate,* and not to *change,* the will. And we do not view the evidence as showing the 1978 document to have been a *bogus* writing, intended merely to keep John Janco quiet until Mildred could pass to her final reward. Furthermore, if we give effect to the 1978 writing, we are bound to construe it as passing a fee; "if there is any doubt as to what the testatrix intended it must be resolved in favor of an absolute devise": *Reese Est.*, 10 Ches. 323.